QUESTION: What report of contributions, if any, under s. 111.011, F.S., must be made by an elected public official where moneys are donated in amounts of less than twenty-five dollars per person by employees and friends of such officer for the purposes of paying for a Christmas party or birthday party in honor of the public officer to be attended by the donors and the public officer and paying for a gift of a value in excess of twenty-five dollars which is given to the public officer at such parties?
SUMMARY: Under s. 111.011, F.S., no report is required to be made by an elected public officer of payments to "a dinner, barbecue, fish fry, or other such event" — including a Christmas or birthday party held in honor of such officer — except for payments to such events which exceed twentyfive dollars in amount. Unless and until further clarified by the legislature, it is suggested that any gift to an elected public official of a value in excess of twenty-five dollars — unless within one of the specific exceptions to the statute — be reported as a contribution under s. 111.011, F.S., irrespective of whether such gift is made by a single donor or by several donors, each of whom only donated an amount less than twenty-five dollars. Section 111.011(2)(a), F.S., provides, inter alia: Each elected public officer shall file a statement containing a list of all contributions received by him or on his behalf, if any, . . . with the names and addresses of persons making such contributions . . . and the dates thereof. The statement shall be sworn to by the elected public officer as being a true, accurate, and total listing of all of said contributions. . . . And s. 111.011(1)(c), F.S., defines the term "contribution," with exceptions not here relevant, as . . . any gift, donation, or payment of money the value of which is in excess of twenty-five dollars to any elected public officer or to any other person on his behalf. Any payment in excess of twenty-five dollars to a dinner, barbecue, fish fry, or other such event shall likewise be deemed a contribution. (Emphasis supplied.) I have no doubt that a Christmas party or birthday party in honor of an elected public officer, for which donations are made by those who attend the parties, would come within the meaning of the phrase "or other such event" in the sentence italicized above. And it is also clear from the italicized language that only payments to such an event which exceed twenty-five dollars are deemed to be contributions. Accordingly, I am of the view that the elected public officer in whose honor a party such as is described above is held is not required to report as a contribution any donation to such party which does not exceed the amount of twenty-five dollars. However, the presentation to the elected public official of a gift of a value in excess of twenty-five dollars appears to be a different matter. For the purposes of s. 111.011, F.S., a contribution includes "any gift" to an elected public officer "the value of which is in excess of twenty-five dollars. . . ." The determinative factor appears to be the value of the gift, and the statute creates no exception for a gift of a value in excess of twenty-five dollars which is given by a number of donors, each of whom only contributed an amount less than twenty-five dollars. Accordingly, I would suggest that, unless and until further clarified by the courts or the legislature, when an elected public officer receives a gift of a value in excess of twenty-five dollars, the gift should be reported as a contribution under s. 111.011, supra, irrespective of whether the gift was purchased by several donors, each of whom only donated an amount less than twenty-five dollars. To construe the statute otherwise would be to invite circumvention of the mandate of the statute as well as to create an exception to the statute in addition to the exceptions created by the legislature.